**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BACKGRID USA, INC.**, a California corporation, | Case No. 21-CV-5933 |
| Plaintiff, | Jury Demand |
| vs. | |
| **MODERN NOTORIETY INC.**, an Illinois corporation; **OSCAR CASTILLO**, an individual; | |
| Defendants. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

Plaintiff, Backgrid USA, Inc., complains against Defendants Modern Notoriety Inc. and Oscar Castillo (collectively, "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. This Court has personal jurisdiction over Defendants and venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a). Specifically, Defendants reside in Chicago, Illinois.

3. This case was previously filed in the Central District of California, *Backgrid USA, Inc. v. Oscar Castillo*, 2:21-cv-03318-RSWL-PD. Defendants moved to dismiss the case for lack of personal jurisdiction. (*Id.*, Dkt. 17.) The motion was granted. In their motion papers, Mr. Castillo

represents that he resides in Chicago, Illinois and that he is solely owns and manages Defendant Modern Notoriety.

## PARTIES

4. Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business in Redondo Beach, California.

5. On information and belief, Defendant Modern Notoriety Inc. ("Modern Notoriety") is a corporation existing under the laws of Illinois, with its principal place of business in Chicago, Illinois.

6. On information and belief, Oscar Castillo is an individual residing in Chicago, Illinois. Mr. Castillo represents that he is the founder and editor-in-chief of Defendant Modern Notoriety.

## FACTUAL AND PROCEDURAL BACKGROUND

*Backgrid and the Photographs that Frame This Dispute*

7. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought-after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8. Among many other in-demand photographs, Backgrid owns coveted photographs of Kanye West and Drake (hereinafter the "Celebrity Photographs"). All rights, title, and interest

in the Celebrity Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

9. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

*Defendants and Their Willful Infringing Activity*

10. Defendant Modern Notoriety owns, operates, and controls a website (modern-notoriety.com) dedicated to athletic shoes, especially new releases from top brands, such as Yeezy, Adidas, Nike, and Air Jordan. It also features an online shop that sells Modern Notoriety branded streetwear. To further promote its website and shop, Modern Notoriety operates and controls an Instagram account that links back to Modern-Notoriety.com. As such, Instagram drives traffic to the Website, including its banner advertisements and online shop that results in revenue to Defendants.

11. Defendants violated federal law by willfully infringing Backgrid's copyrights to at least seven photographs on Modern Notoriety's website and Instagram account. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of Defendants' website and Instagram account, including screen shots of the seven infringed photographs at issue in this lawsuit. Defendant Castillo, editor in chief and founder of Modern Notoriety, is credited as the author of infringing posts. *See* Exhibit B.

12. Moreover, Defendants induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on their account was without permission, consent, or license. By uploading the Celebrity Photographs to the account,

Defendants encourage their fans to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

13. On information and belief, Defendants have operated and controlled their modern-notoriety.com website and Instagram account at all times relevant to this dispute and financially benefit from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Defendants have driven significant traffic to its Website and Instagram account in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

14. Backgrid attempted to resolve this dispute prior to filing this lawsuit, but Modern Notoriety ignored Backgrid's demand.

## **Count I: (Copyright Infringement, 17 U.S.C. § 501**)

15. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 14 above.

16. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original, and which are copyrightable subject matter under the laws of the United States.

17. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

20. Backgrid has identified at least seven instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

21. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

23. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle Backgrid to a potential award of up to $1,050,000 in statutory damages for the at-least seven infringed photographs, in addition to its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

B. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

C. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

D. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

E. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

F. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

G. For any such other and further relief as the Court may deem just and appropriate.

*<Signature page to follow.>*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rue of Civil Procedure 38, Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: November 5, 2021                             Respectfully submitted,

                                                    */s/ Charles G. Wentworth*
                                                    Richard J. Lofgren
                                                    Charles G. Wentworth
                                                    The Law Office of Lofgren & Wentworth, P.C.
                                                    536 Crescent Blvd. Suite 200
                                                    Glen Ellyn, IL 60137
                                                    (630) 469-7100
                                                    rlofgren@elrlaw.com
                                                    cwentworth@elrlaw.com

                                                    *Attorneys for Plaintiff*
                                                    *Backgrid USA, Inc.*