ILND 44 (Rev. 09/20)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Backgrid USA Inc. | Modern Notoriety Inc. <br> Oscar Castillo |

| **(b)** County of Residence of First Listed Plaintiff Los Angeles County, California <br> *(Except in U.S. plaintiff cases)* | County of Residence of First Listed Defendant Cook County, Illinois (both) <br> *(In U.S. plaintiff cases only)* <br> Note: In land condemnation cases, use the location of the tract of land involved. |
|---|---|

| **(c)** Attorneys *(firm name, address, and telephone number)* <br> Charles Wentworth, The Law Office of Lofgren & Wentworth, P.C. <br> 536 Crescent Blvd. Suite 200, Glen Ellyn, IL 60137 <br> (630) 469-7100 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government not a party.)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 510 Motions to Vacate Sentence | [ ] 710 Fair Labor Standards Act | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 530 General | [ ] 530 General | [ ] 720 Labor/Management Relations | [ ] 376 Qui Tam (31 USC 3729 (a)) |
| | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | [ ] 535 Death Penalty | | [ ] 400 State Reapportionment |
| | [ ] 320 Assault, Libel & Slander / Pharmaceutical | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 330 Federal Employers' / Personal Injury | [ ] 540 Mandamus & Other | [ ] 751 Family and Medical | [ ] 430 Banks and Banking |
| | Liability / Product Liability | [ ] 550 Civil Rights | Leave Act | [ ] 450 Commerce |
| | [ ] 340 Marine / [ ] 368 Asbestos Personal | [ ] 555 Prison Condition | [ ] 790 Other Labor Litigation | [ ] 460 Deportation |
| [ ] 140 Negotiable Instrument | [ ] 345 Marine Product Liability / Injury Product | [ ] 560 Civil Detainee - | [ ] 791 Employee Retirement | [ ] 470 Racketeer Influenced |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 350 Motor Vehicle / Liability | Conditions | Income Security Act | and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 355 Motor Vehicle Product / of Confinement | of Confinement | | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans) | Liability / **PERSONAL PROPERTY** | | | [ ] 485 Telephone Consumer |
| | [ ] 360 Other Personal Injury / [ ] 370 Other Fraud | | **PROPERTY RIGHTS** | Protection Act (TCPA) |
| [ ] 153 Recovery of Veteran's Benefits | [ ] 362 Personal Injury - Medical / [ ] 371 Truth in Lending | | [x] 820 Copyright | [ ] 490 Cable/Sat TV |
| | Malpractice / [ ] 380 Other Personal | | [ ] 830 Patent | [ ] 850 Securities/Commodities/ |
| [ ] 160 Stockholders' Suits | / Property Damage | | [ ] 835 Patent - Abbreviated New Drug Application | Exchange |
| [ ] 190 Other Contract | / [ ] 385 Property Damage | | [ ] 840 Trademark | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | / Product Liability | | [ ] 880 Defend Trade Secrets Act of 2016 (DTSA) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | | [ ] 893 Environmental Matters |

| REAL PROPERTY | CIVIL RIGHTS | BANKRUPTCY | FORFEITURE/PENALTY | SOCIAL SECURITY | |
|---|---|---|---|---|---|
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 422 Appeal 28 USC 158 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 861 HIA (1395ff) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 423 Withdrawal 28 USC 157 | [ ] 690 Other | [ ] 862 Black Lung (923) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations | **IMMIGRATION** | | [ ] 864 SSID Title XVI | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/ Disabilities- Employment | [ ] 462 Naturalization Application | | [ ] 865 RSI (405(g)) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | |
| | [ ] 448 Education | [ ] 465 Other Immigration Actions | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | [ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

17 USC Sec 501

## VII. PREVIOUS BANKRUPTCY MATTERS

(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

- [ ] Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $ 1,050,000

**CHECK Yes only if demanded in complaint:**
Jury Demand: [x] Yes [ ] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge _____  Case Number _____

## X. Is this a previously dismissed or remanded case?

[x] Yes [ ] No  If yes, Case # _____  Name of Judge California Dist Court (see attached)

Date: November 5, 2021

Signature of Attorney of Record /s/ Charles G. Wentworth

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>         Plaintiff,<br><br>   v.<br><br>MODERN NOTORIETY INC., an Illinois corporation; OSCAR CASTILLO, an individual; and DOES 1-10, inclusive,<br><br>         Defendants. | CV 21-03318-RSWL-(PDx)<br><br>**ORDER re: Defendant Oscar Castillo's Motion to Dismiss** [17] |

Plaintiff BackGrid USA, Inc. ("Plaintiff") brings this action for copyright infringement against Defendants Modern Notoriety Inc. ("Corporate Defendant") and Oscar Castillo ("Defendant Castillo") (collectively, "Defendants"). Before the Court is Defendant Castillo's Motion for Dismissal Under Rule 12(b)(1) Due to Lack of Personal Jurisdiction and Improper Venue Under FRCP 12(b)(2) and 12(b)(3) (the "Motion") [17].

1

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant Castillo's Motion for improper venue under Rule 12(b)(3) and **DENIES as moot** Defendant Castillo's remaining grounds for dismissal.

## I.  BACKGROUND

**A.  Factual Background**

The following allegations are taken from Plaintiff's Complaint.

Plaintiff is a California corporation with its principal place of business in Redondo Beach, California.  Compl. ¶ 3, ECF No. 1.  Plaintiff owns and operates one of Hollywood's largest celebrity photograph agencies.  Id. ¶ 7.  Plaintiff owns the intellectual property rights to celebrity photographs that have been licensed to prominent media outlets throughout the world.  Id.

Corporate Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois. Id. ¶ 4.  Defendant Castillo, an individual residing in Chicago, is the founder and editor-in-chief of Corporate Defendant.  Id. ¶ 5.  Corporate Defendant owns, operates, and controls modern-notoriety.com (the "Website"), which is dedicated to athletic shoes.  Id. ¶ 10.  It also features an online shop that sells Modern Notoriety-branded streetwear.  Id.  To promote its website and shop, Corporate Defendant operates and controls an Instagram account that links back to the

website and drives traffic to the website's banner advertisements and online shop that generate revenue to Defendants. Id.

Plaintiff alleges that Defendants infringed Plaintiff's copyrights to seven of Plaintiff's photographs (the "Subject Photographs") by posting them on Corporate Defendant's Website and social media account without Plaintiff's permission. Id. ¶¶ 11, 19. Defendant Castillo is credited as the author of the allegedly infringing posts. Id. ¶ 11. Plaintiff further alleges that Defendants encourage their fans to "share" the photographs by uploading the Subject Photographs to their account. Id. ¶ 12.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] against Defendants on April 16, 2021, alleging copyright infringement in violation of 17 U.S.C. § 501.

On May 19, 2021, Defendants filed the present Motion [17]. The Court struck [18] the Motion as to Corporate Defendant on June 4, 2021, on the grounds that Corporate Defendant cannot appear *pro se*. Plaintiff filed its Opposition [19] on June 15, 2021. Defendant Castillo filed his Reply [21] on June 22, 2021.

## II.  LEGAL STANDARD

**A.  Personal Jurisdiction**

Federal Rule of Civil Procedure ("Rule") 12(b)(2) provides a basis for moving to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

1   Once personal jurisdiction is challenged, the plaintiff
2   bears the burden of demonstrating that jurisdiction is
3   appropriate.  See, e.g., Boschetto v. Hansing, 539 F.3d
4   1011, 1015 (9th Cir. 2008); Pebble Beach Co. v. Caddy,
5   453 F.3d 1151, 1154 (9th Cir. 2006).  Where the motion
6   is "based on written materials rather than an
7   evidentiary hearing, the plaintiff need only make a
8   prima facie showing of jurisdictional facts" to survive
9   dismissal.  Mavrix Photo, Inc. v. Brand Techs., Inc.,
10  647 F.3d 1218, 1223 (9th Cir. 2011).

11       "The plaintiff cannot 'simply rest on the bare
12  allegations of [the] complaint,' but uncontroverted
13  allegations in the complaint must be taken as true."
14  Id. (quoting Schwarzenegger v. Fred Martin Motor Co.,
15  374 F.3d 797, 800 (9th Cir. 2004)).  If, however, the
16  defendant presents evidence contradicting the
17  allegations in the complaint, the plaintiff must "come
18  forward with facts, by affidavit or otherwise,
19  supporting personal jurisdiction."  Barantsevich v. VTB
20  Bank, 954 F. Supp. 2d 972, 982 (C.D. Cal. 2013) (quoting
21  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)).
22  "[D]isputed allegations in the complaint that are not
23  supported with evidence or affidavits cannot establish
24  jurisdiction[.]"  AMA Multimedia, LLC v. Wanat, 970 F.3d
25  1201, 1207 (9th Cir. 2020).  Although the court "may not
26  assume the truth of allegations in a pleading which are
27  contradicted by affidavit," factual disputes must be
28  resolved in the plaintiff's favor.  Mavrix Photo, 647

4

F.3d at 1223 (citations omitted).

"Personal jurisdiction over [a nonresident] defendant is proper where permitted by a long-arm statute and where the exercise of jurisdiction does not violate federal due process." AMA Multimedia, 970 F.3d at 1207 (citing Pebble Beach, 453 F.3d at 1154). Where no applicable federal statute governs personal jurisdiction, "the district court applies the law of the state in which the court sits." Mavrix Photo, 647 F.3d at 1223. "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,' our inquiry centers on whether exercising jurisdiction comports with due process." Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting Daimler AG v. Bauman, 571 U.S. 117, 125 (2014)); see Cal. Code Civ. Proc. § 410.10.

Constitutional due process requires that a nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the nature and extent of the defendant's contacts with the forum state, a court may exercise either general or specific jurisdiction. Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S. Ct. 1773, 1780 (2017). General jurisdiction exists when

1  the defendant's contacts "are so continuous and
2  systematic as to render [it] essentially at home in the
3  forum State." Daimler, 571 U.S. at 139 (internal
4  quotation marks and citation omitted). By contrast,
5  specific jurisdiction exists when the suit "aris[es] out
6  of or relate[s] to the defendant's contacts with the
7  forum." Id. at 127 (citations omitted).

8  **B.   Improper Venue**

9       Under Rule 12(b)(3), a defendant may move to
10 dismiss on the basis of improper venue. Fed. R. Civ. P.
11 12(b)(3). Once a defendant raises an objection to
12 venue, the plaintiff bears the burden of establishing
13 that venue is proper. See Piedmont Label Co. v. Sun
14 Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).
15 In the context of a Rule 12(b)(3) motion, the court need
16 not accept the allegations in the complaint as true and
17 may consider facts outside the pleadings. See Murphy v.
18 Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir.
19 2004). If the court determines that venue is improper,
20 the court must either dismiss the action or, if it is in
21 "the interest of justice," transfer it "to any district
22 or division in which it could have been brought." 28
23 U.S.C. § 1406(a). Whether to dismiss an action for
24 improper venue, or alternatively to transfer venue to a
25 proper court, is entirely within the discretion of the
26 district court. See King v. Russell, 963 F.2d 1301,
27 1304 (9th Cir. 1992).
28 ///

**III.  DISCUSSION**

     Defendant Castillo moves to dismiss on three grounds: (1) he is not subject to personal jurisdiction in California; (2) venue is improper; and (3) his use of the Subject Photographs is de minimis or constitutes fair use.  See generally Mot. & Castillo Decl. 1, ECF No. 17.  Because the Court concludes that venue is improper in the Central District of California, it does not reach Defendant Castillo's other arguments.

     For copyright actions, venue is proper "in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction."  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) (citation omitted).  The Court thus considers whether Defendant Castillo would be subject to personal jurisdiction in this district to determine whether venue is proper.

**A.  General Jurisdiction**

     "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'"  Mavrix Photo, 647 F.3d at 1224 (quoting Schwarzenegger, 374 F.3d at 801).  A plaintiff must show that a nonresident defendant's

contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." Daimler, 571 U.S. at 139 (internal quotation marks and citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." Id. at 137 (quoting Goodyear, 564 U.S. at 924).

There is no dispute that Defendant Castillo resides in Chicago, Illinois. See Compl. ¶ 5; Mot. & Castillo Decl. 1. Plaintiff argues that Defendant Castillo is amenable to general jurisdiction because the Website contains advertisements directed to Southern California residents and Defendant Castillo uses the Website to solicit Southern California customers and users. See Opp'n 7:11-8:6, ECF No. 19.

These contacts are insufficient to establish general jurisdiction over Defendant Castillo. Although third parties use Defendant Castillo's Website to advertise Southern California law firms, health care services, and other businesses, see Ardalan Decl. Ex. A, ECF No. 19-2, Defendant Castillo "does not 'solicit[] . . . business in the state' by carrying those advertisements." Mavrix Photo, 647 F.3d at 1225 (quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc)). Rather, Defendant Castillo

allows those third parties to solicit business by taking advantage of his existing user base.  See id.  "Evidence that a nonresident defendant advertises in a forum is significant for general jurisdiction when the defendant markets its own product by targeting forum residents, . . . but has less significance for general jurisdiction when other entities use the defendant's publication to promote their own businesses."  Id. at 1225-26 (internal citations omitted).

That Defendant Castillo's Website and social media accounts have Southern California customers and "followers" is likewise insufficient.  See Opp'n 7:11-8:6; Ardalan Decl. Ex. B, ECF No. 19-3; Compl. ¶ 2.  "[O]ccasional sales to forum residents by a nonresident defendant do not suffice to establish general jurisdiction."  Mavrix Photo, 647 F.3d at 1226 (internal quotation marks and citations omitted); see Ranza v. Nike, Inc., 793 F.3d 1059, 1070 (9th Cir. 2015) ("[T]he general jurisdiction inquiry examines a [nonresident defendant]'s activities worldwide—not just the extent of its contacts in the forum state—to determine where it can be rightly considered at home." (citing Daimler, 571 U.S. at 139 n.20)).  In addition, the fact that Defendant Castillo's universally accessible social media account has some "followers" in the Southern California area is merely fortuitous and does not support general jurisdiction.  See Sussman v. Playa Grande Resort, S.A. de C.V, 839 F. App'x 166, 168 (9th Cir. 2021) ("[The

defendant]'s website is accessible to people all over
the world and does not establish general jurisdiction in
California simply because California residents can
access it." (citing Schwarzenegger, 374 F.3d at 801)).
Contrary to Plaintiff's position, it is not enough that
a nonresident defendant "engage in 'continuous and
systematic general business contacts' within the forum
state." Opp'n 7:7-19. Instead, the nonresident
defendants' contacts must be "so 'continuous and
systematic' as to render [him] essentially at home" in
the forum. Daimler, 571 U.S. at 139 (quoting Goodyear,
564 U.S. at 919).

Defendant Castillo has virtually no contacts with
California or this district. See Mot. & Castillo Decl.
¶¶ 1-10. Defendant Castillo has no paid employees,
agents, or representatives in California. Id. ¶ 2. Nor
does he have financial accounts, business activity,
leases, phones, property, or other presence in
California. Id. ¶ 8. Defendant Castillo has never been
to California in connection with the Website or
business, only having visited for occasional vacation
travel. Id. ¶ 9. Accordingly, the Court concludes that
the exercise of general jurisdiction over Defendant
Castillo would not be appropriate in this forum.

**B.   Specific Jurisdiction**

"The inquiry whether a forum State may assert
specific jurisdiction over a nonresident defendant
focuses on the relationship among the defendant, the

10

forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citations omitted). For the assertion of specific jurisdiction to comport with due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284. The Ninth Circuit has established three requirements for a court to assert specific jurisdiction over a nonresident defendant:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting Dole Foods Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiff bears the burden of establishing the first two prongs of the test. Id. "If the plaintiff meets that burden, 'the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.'" Id. at 1068-69 (quoting Schwarzenegger, 374 F.3d at 802).

1.   Purposeful Direction

Because this action involves copyright infringement, which sounds in tort, the purposeful direction analysis applies here. See Mavrix Photo, 647

11

F.3d at 1228.  Purposeful direction is analyzed under the "effects" test drawn from <u>Calder v. Jones</u>, 465 U.S. 783 (1984).  <u>See</u> <u>Axiom Foods</u>, 874 F.3d at 1069.  Under this test, Plaintiff must show that Defendant Castillo "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  <u>Id.</u> (citation omitted).  All three requirements must be met for specific jurisdiction to attach.  <u>See</u> <u>Picot</u>, 780 F.3d at 1215 n.4.

> a. *Intentional Act*

A defendant commits an intentional act "when he acts with 'an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.'"  <u>AMA Multimedia</u>, 970 F.3d at 1209 (quoting <u>Schwarzenegger</u>, 374 F.3d at 806).  Here, Plaintiff alleges that Defendant Castillo created copies of the Subject Photographs and published them on his Website and social media accounts.  Compl. ¶ 11; Opp'n 3:15-22.  Defendant Castillo does not dispute that he engaged in these acts but contends that he obtained the Subject Photographs from other people, not Plaintiff, and properly credited those sources in his reposting.  Mot. & Castillo Decl. ¶¶ 11-16.  In the context of the effects test, however, Defendant Castillo need not intend to infringe Plaintiff's copyrights to commit an intentional act; it suffices that Defendant Castillo acted intentionally in copying and reposting

the Subject Photographs.  See Schwarzenegger, 374 F.3d
at 806; Mavrix Photo, 647 F.3d at 1229 ("There is no
question that [the defendant] acted intentionally
reposting the allegedly infringing photos . . . .").
The first prong is thus satisfied.

>        b.  *Expressly Aimed*

The second prong of the effects test asks whether
Defendant Castillo's acts were "expressly aimed at the
forum." Pico, 780 F.3d at 1214.  Plaintiff must show
that California—and, for the venue inquiry, this
district—was a "focal point both of [Defendant
Castillo's actions] and of the harm suffered." Axiom
Foods, 874 F.3d at 1071 (quoting Walden, 571 U.S. at
287).  Plaintiff fails to meet its burden here.

First, Plaintiff appears to argue that the express
aiming prong is met because Defendant Castillo posted
the Subject Photographs on interactive websites.
Plaintiff describes Defendant Castillo's Twitter and
Instagram accounts as "highly interactive" websites that
solicit comments and "retweets" by other users.  See
Opp'n 4:3-5.  Plaintiff suggests that the Website is
likewise interactive because it solicits California
consumers to follow Defendants' social media accounts;
California consumers in fact follow those other social
media accounts; the Website solicits consumers to
comment on it; and, in doing so, consumers provide their
name, e-mail address, and website.  See id. at 4 n.2.
///

However, the websites' alleged level of interactivity alone is insufficient to establish express aiming.  See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (emphasis added) ("[T]he *likelihood* that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))); Wonderful Co. LLC v. Nut Cravings Inc., No. 2:20-CV-11738-SVW-JEM, 2021 WL 3598859, at *3 (C.D. Cal. Apr. 22, 2021) ("More recent Ninth Circuit case law makes clear that interactivity, whatever its role, is only one among many factors considered as part of the express aiming test." (citing Mavrix Photo, 647 F.3d at 1229)).  "For an interactive website to confer personal jurisdiction, a plaintiff must allege 'something more.'"  ThermoLife Int'l, LLC v. NetNutri.com LLC, 813 F. App'x 316, 318 (9th Cir. 2020). "Operating a universally accessible website alone cannot satisfy the express aiming prong."  Spy Optic, Inc. v. AreaTrend, LLC, 843 F. App'x 66, 68 (9th Cir. 2021); see Mavrix Photo, 647 F.3d at 1231 ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed.").  "[A] plaintiff must also show that the website 'directly target[ed] the forum.'"  Sky Optic, 843 F. App'x at 68 (quoting AMA Multimedia, 970

14

1    F.3d at 1210).

2    Plaintiff next contends that Defendant Castillo has
3    done "something more" to target Southern California
4    residents, submitting evidence of advertisements for a
5    Southern California law firm and health care services
6    found on the Website.  See Opp'n 4:16-5:13; Ardalan
7    Decl. Ex. A.  According to Plaintiff, Defendant Castillo
8    "exploited the personal and private information of
9    Southern California residents for [his] own benefit"
10   because these advertisements solicited Southern
11   California consumers and resulted in revenue for
12   Defendant Castillo.  Opp'n 5:8-11.

13   A defendant can be said to have "expressly aimed"
14   at a forum where its website "with national viewership
15   and scope appeals to, and profits from, an audience in
16   [that forum]."  Mavrix Photo, 647 F.3d at 1231; see Sky
17   Optic, 843 F. App'x at 68 ("A defendant directly targets
18   a forum when its website 'appeals to, and profits from,
19   an audience in [that] state.'" (quoting Mavrix Photo,
20   647 F.3d at 1231)).  While the advertisements may show
21   that Defendant Castillo "profits from" viewers in
22   Southern California, there is no suggestion that the
23   Website "appeals to" a Southern California audience.
24   See AMA Multimedia, 970 F.3d at 1211 n.7.  Plaintiff
25   alleges that the Website is "dedicated to athletic
26   shoes, especially new releases from top brands" and
27   features an online shop that sells branded streetwear.
28   Compl. ¶ 10.  Nothing indicates that the Website has a

15

1   Southern California-specific focus or appeals to a
2   significant Southern California audience.  See Mavrix,
3   647 F.3d at 1230 (finding the express aiming prong
4   satisfied where the operator of a website with "a
5   specific focus on the California-centered celebrity and
6   entertainment industries" used the plaintiff's
7   copyrighted photos "as part of its exploitation of the
8   California market for its own commercial gain," and the
9   California audience was "an integral component of [the
10  website operator]'s business model and its
11  profitability").

12      In addition, the fact that Defendant Castillo's
13  Website and social media accounts have some Southern
14  California consumers and followers is insufficient to
15  show that Defendant Castillo expressly aimed his
16  intentional acts at the Southern California market.  See
17  AMA Multimedia, 970 F.3d at 1211 (holding that a foreign
18  adult film website operator had not expressly aimed
19  content at the U.S. market even though nearly 20% of the
20  website's users were in the United States where the
21  website "lack[ed] a forum-specific focus"); Headspace
22  Int'l, LLC v. New Gen Agric. Servs., LLC, No. CV-16-
23  3917-RGK (GJSx), 2016 WL 9275781, at *4 (C.D. Cal. Nov.
24  15, 2016) (finding contact with California citizens
25  through social media accounts to be insufficient to
26  establish express aiming at California).

27      Moreover, Defendant Castillo avers that he did not
28  choose, control, or display the advertisements found on

16

1 the Website.  Reply & Supporting Decl. 2, ECF No. 21.

2 Rather, the underlying browser or platform selects the

3 advertisements displayed to a user "based upon their

4 tracking of the user's search history, cookies and

5 location."  Id.  The Supreme Court "made clear that the

6 third-party advertiser's behavior cannot be attributed

7 to the defendant as a contact."  AMA Multimedia, 970

8 F.3d at 1211 n.6 (citing Walden, 571 U.S. at 284).

9 Because the targeted advertisements are selected by a

10 third party, their geographic focus cannot support a

11 finding that Defendant Castillo expressly aimed its

12 intentional acts at Southern California.  See Walden,

13 571 U.S. at 284 ("We have consistently rejected attempts

14 to satisfy the defendant-focused 'minimum contacts'

15 inquiry by demonstrating contacts between the plaintiff

16 (or third parties) and the forum State."); AMA

17 Multimedia, 970 F.3d at 1211 (stating that geo-located

18 advertisements provided by a third party do not

19 establish that the defendant expressly aimed at the

20 forum, as such advertisements "are *always* directed at

21 the forum" and the defendant "does not personally

22 control the advertisements shown on the site").

23      Plaintiff also argues that the express aiming

24 requirement is satisfied because Defendant Castillo

25 posted the Subject Photographs on Twitter and Instagram—

26 California companies whose terms and conditions prohibit

27 infringement and are subject to California law.  See

28 Opp'n 4:3-7, 5:13-15; Compl. ¶ 2.  The Court disagrees.

Evidence that Defendant Castillo utilized the services
of California-based internet companies to allegedly
infringe Plaintiff's copyrights does not establish
express aiming at California.  See Werner v.
Dowlatsingh, 818 F. App'x 671, 673 n.2 (9th Cir. 2020)
("Uploading a video to YouTube—which has its
headquarters in San Bruno, California—is not an act
expressly aimed at California simply because the company
is based in the state."); Brophy v. Almanzar, 359 F.
Supp. 3d 917, 925 (C.D. Cal. 2018) (collecting cases).
Further, "[Defendant Castillo]'s contracts with third
parties about choice of law, jurisdiction, and venue
have nothing to do with whether it directed its tortious
activities towards an entity not a party to those
agreements."  Good Job Games Bilism Yazilim Ve Pazarlama
A.S. v. SayGames LLC, 458 F. Supp. 3d 1202, 1210-11
(N.D. Cal. 2020); accord Voodoo SAS v. SayGames LLC, No.
19-CV-07480-BLF, 2020 WL 3791657, at *5 (N.D. Cal. July
7, 2020).  A choice of law provision stating that
California law governs does not establish proper venue
here.  See Amberger v. Legacy Cap. Corp., No. 16-cv-
05622-JSC, 2017 WL 264078, at *3 (N.D. Cal. Jan. 20,
2017) ("A forum selection clause determines where the
case will be heard, it is separate and distinct from
choice of law provisions . . . .").  And to the extent
that Plaintiff relies on jurisdiction and forum
selection clauses in third-party websites' terms and
conditions, see Opp'n 8:11-14, such reliance is

1    unavailing.  Defendant Castillo's acceptance of a third
2    party's terms and conditions may be sufficient to
3    establish his consent to personal jurisdiction in a
4    dispute between Defendant Castillo and the third party,
5    but it is alone insufficient to confer personal
6    jurisdiction over Defendant Castillo in an action
7    brought by Plaintiff.[1]  See Melendez v. Vaiana, No. EDCV
8    16-2516 JGB (SPx), 2017 WL 8183139, at *3 (C.D. Cal.
9    Oct. 19, 2017) (declining to find that the defendants
10   had "automatically consented to the personal
11   jurisdiction of a court included in a website's terms'
12   forum selection clause for third-party disputes related
13   to the site").

14       Finally, Plaintiff alleges that Defendant Castillo
15   has "solicit[ed] and engag[ed] in numerous commercial
16   transactions with California users."  Compl. ¶ 2.  But
17   "[s]elling products on the internet on a national scale
18   is insufficient to establish personal jurisdiction in
19   any one [forum] without additional evidence of conduct
20   focused on that [forum]."  Wonderful Co., 2021 WL
21   3598859, at *2.  As discussed above, Plaintiff fails to
22   show Southern California-focused conduct on the part of
23

24       [1] Even if Defendant Castillo's agreements with third-party
25   entities were applicable to this action, the forum selection
     clauses contained in those terms and conditions would confer
26   jurisdiction in the Northern District of California.  See Ardalan
     Decl. Exs. C-E, ECF Nos. 19-4 to -6; Opp'n 8:11-14.  But, for
27   purposes of venue in this copyright action, the relevant inquiry
     is whether the exercise of personal jurisdiction would be
28   appropriate in the Central District of California.

Defendant Castillo.  Moreover, Plaintiff alleges that
Defendant Castillo's online shop sells Modern Notoriety-
branded streetwear, see Compl. ¶ 10, but Defendant
Castillo's uncontroverted declaration states that none
of the products shown in the Subject Photographs were
ever available for purchase on the Website, see Mot. &
Castillo Decl. ¶ 4.  Any sales to Southern California
residents are thus unconnected to Plaintiff's copyright
claim and cannot support a finding of specific
jurisdiction.  See Walden, 571 U.S. at 284 ("[T]he
defendant's *suit-related conduct* must create a
substantial connection with the forum State." (emphasis
added)); AirWair Int'l Ltd. v. Pull & Bear Espana SA,
No. 19-CV-07641-SI, 2020 WL 2113833, at *4 (N.D. Cal.
May 4, 2020) (rejecting allegations "as irrelevant to
the specific jurisdiction analysis, since those
allegations concern the sale of clothing and not the
'suit-related conduct' of selling the allegedly
infringing shoes").

In sum, Plaintiff has not established that
Defendant Castillo expressly aimed his intentional acts
toward this district.  The only asserted contacts
between Defendant Castillo and Southern California are
too "random, fortuitous, or attenuated" to confer
specific jurisdiction over Defendant Castillo.  Walden,
571 U.S. at 286.  Because Plaintiff has not satisfied
the second prong of the Ninth Circuit's purposeful
direction test, the Court need not address the remaining

1 requirements for specific jurisdiction.  See
2 Schwarzenegger, 374 F.3d at 807 n.1 (noting that the
3 court "need not, and do[es] not, reach the third part of
4 the [purposeful direction] test" because the plaintiff
5 failed to establish the express aiming requirement); AMA
6 Multimedia, 970 F.3d at 1212 n.9 ("Because we hold that
7 [the plaintiff] has failed to meet its burden on the
8 first prong of the minimum contacts test regarding
9 purposeful direction, we do not need to reach the second
10 and third prongs.").  The Court concludes that Plaintiff
11 has failed to make a prima facie showing that Defendant
12 Castillo is subject to this Court's specific
13 jurisdiction.

14     Accordingly, because Plaintiff has not established
15 that this Court has general or specific jurisdiction
16 over Defendant Castillo within the meaning of the
17 Copyright Act, venue is not proper in this district.
18 Where a court determines that venue is improper, it may
19 either dismiss the action without prejudice or, if it is
20 "in the interest of justice," transfer the action "to
21 any district or division in which it could have been
22 brought."  28 U.S.C. § 1406(a); In re Hall, Bayoutree
23 Assocs., Ltd., 939 F.2d 802, 804 (9th Cir. 1991) ("A
24 determination of improper venue does not go to the
25 merits of the case and therefore must be without
26 prejudice.").  Plaintiff does not ask the Court to
27 transfer this action.  The Court therefore **GRANTS** the
28 Motion for improper venue and **DISMISSES** the action

1   against Defendant Castillo without prejudice.

2           c.   *Jurisdictional Discovery and Leave to Amend*

3       Plaintiff requests that, if the Court grants the

4   Motion, Plaintiff be afforded the opportunity to conduct

5   jurisdictional discovery and amend its Complaint.  Opp'n

6   9:27-10:5.  Plaintiff does not explain what discovery

7   requests it intends to propound, let alone how discovery

8   would alter the Court's jurisdictional analysis.  See

9   Boschetto, 539 F.3d at 1020 (affirming the district

10  court's denial of request for jurisdictional discovery

11  where the request "was based on little more than a hunch

12  that [discovery] might yield jurisdictionally relevant

13  facts"); Barantsevich, 954 F. Supp. 2d at 996

14  ("Jurisdictional discovery need not be allowed . . . if

15  the request amounts merely to a 'fishing expedition.'"

16  (citations omitted)).  Because Plaintiff has failed to

17  show more than speculative allegations of attenuated

18  jurisdictional contacts "in the face of specific

19  denials" made by Defendant Castillo, "the Court need not

20  permit even limited discovery."  Terracom v. Valley

21  Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995).  The Court

22  therefore **DENIES** Plaintiff's request for jurisdictional

23  discovery.

24      Plaintiff has not suggested that it could amend its

25  Complaint to allege additional jurisdictional facts

26  absent jurisdictional discovery, which, as discussed

27  above, is unwarranted.  Accordingly, the Court **DENIES**

28  leave to amend.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Castillo's Motion for improper venue pursuant to Rule 12(b)(3) and **DENIES as moot** Defendant Castillo's remaining grounds for dismissal.  Defendant Castillo is **DISMISSED** from this action without prejudice.

**IT IS SO ORDERED.**

DATED: September 15, 2021          /s/ Ronald S.W. Lew
                                   **HONORABLE RONALD S.W. LEW**
                                   Senior U.S. District Judge